```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ELDIN COLLADO,

                    Petitioner,
                                                                    MEMORANDUM AND ORDER
         - against -
                                                                    12-cv-4153 (SLT)
SUPERINTENDENT LEMKE,

                    Respondent.
----------------------------------------------------------x
```
**TOWNES, United States District Judge,**

Petitioner Eldin Collado, *pro se*, an inmate at Gowanda Correctional Facility, moves for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on the grounds of ineffective assistance of trial counsel and prosecutorial misconduct in connection with his January 5, 2010 conviction in New York Supreme Court, Queens County for robbery in the first degree, menacing in the second degree and possession of a weapon in the fourth degree. For the reasons set forth below, the petition is denied.

## FACTUAL BACKGROUND

The following facts are drawn from the record of proceedings before the state trial court. In view of Mitchell's conviction, the evidence presented at trial is summarized in the light most favorable to the verdict. *See Garbutt v. Conway*, 668 F.3d 79, 80 (2d Cir. 2012). On December 31, 2009, there was a robbery, at knife point, at a beauty salon in Queens, New York. Three weeks later, one of the witnesses to the robbery saw a man who she recognized as the robber exiting his house. The witness notified an owner of the salon, who, in turn, notified the investigating police officer. Four months later, the witness identified Collado from a photographic array. Several days later, he was identified by the salon's owner from a lineup.

Collado was arrested and indicted for first-degree robbery and related counts. His defense attorney made a motion to suppress, *inter alia*, the out-of-court identifications, which was denied after an October 14-15, 2009 suppression hearing, on October 29, 2009. (10/14/09 Tr. 1-33.) Collado was tried before a jury, who found him guilty of robbery in the first degree, menacing in the second degree and possession of a weapon in the fourth degree. (11/30/09 Tr. 380:5-81:14.) On January 5, 2010, he was sentenced to a term of incarceration of seven years, to be followed by five years of supervised release. (1/5/10 Tr. at 5:20-6:17.)

Collado appealed to the New York Supreme Court, Appellate Division, Second Department, arguing that: (1) his trial counsel was constitutionally ineffective for failing to challenge the photo array as impermissibly suggestive, informing the jury of the otherwise inadmissible photo array, stipulating to the existence of the photo array without using it for the defense's benefit, and both eliciting and failing to object to various improper testimony that bolstered the identifications; and (2) the prosecutor's misconduct, in improperly eliciting evidence of a negative identification by other non-testifying witnesses and mischaracterizing the evidence on summation to bolster the identifications made by testifying witnesses, deprived him of a fair trial.

On, December 6, 2011, the New York Supreme Court, Appellate Division, Second Department affirmed the judgment, finding that Collado's trial counsel was not constitutionally ineffective and that the prosecutor's misconduct was unpreserved for appellate review. *People v. Collado*, 90 A.D.3d 672, 933 N.Y.S.2d 738 (2d Dept. 2011). The Appellate Division nevertheless reached the merits, concluding that the prosecutor's conduct, although improper, was harmless in light of the two compelling eyewitness identifications, which the court characterized as "overwhelming evidence of the defendant's guilt." *Id*. at 673. The New York

Court of Appeals denied leave to appeal on March 6, 2012. *People v. Collado*, 18 N.Y.3d 956, 967 N.E.2d 709 (2012). Petitioner filed the instant timely habeas petition on August 13, 2012, raising the same two grounds raised in his appellate brief, namely ineffective assistance of trial counsel and prosecutorial misconduct.

## DISCUSSION

### *The Legal Standard Governing 28 U.S.C. § 2254 Petitions*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies," by 'fairly presenting' his federal claims to the state court. *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011); 28 U.S.C. § 2254(b)(1)(A). Where the claim was adjudicated on the merits by the state court, AEDPA requires federal courts to accord "substantial deference" to the state court's decision. *Fischer v. Smith*, 780 F.3d 556, 560 (2d Cir. 2015). The relevant section of AEDPA provides that:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In addition, a state court's factual findings are "presumed to be correct," and can only be overcome by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioners bear the burden of proving violations of federal law by a preponderance of the

evidence. *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Pinkney v. Keane*, 920 F.2d 1090, 1094 (2d Cir. 1990) (explaining that because "[h]abeas corpus … is an asymmetrical enterprise in which a prisoner seeks to overturn a presumptively valid judgment of conviction … , the petitioner generally bears the burden of proof throughout the habeas proceeding.").

*Petitioner Was Not Deprived of Effective Assistance of Counsel*

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption and to prove a deprivation of the Sixth Amendment right to effective assistance of counsel, a habeas petitioner must show that (1) "the identified acts or omissions were outside the wide range of professionally competent assistance" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 671, 694. "A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision." *DeLuca v. Lord*, 77 F.3d 578, 588 n.3 (2d Cir. 1996). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690-91. On federal habeas review, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Here, Petitioner claims that his trial counsel was ineffective for: (1) failing to challenge the photo array as "impermissible," (2) referring to the photo array but failing to use the array for "the defense's benefit," and (3) eliciting and failing to object to improper testimony that

4

bolstered the out-of-court identifications. (Pet. App. Br. at 29-45). However, Petitioner has failed to establish that any of these tactical decisions amounted to deficient representation, and thus, failed to establish that the state court's application of *Strickland* was unreasonable.

First, as a factual matter, defense counsel did not fail to challenge the photo array's admission. Rather, defense counsel made a pre-trial suppression motion, at which counsel argued that the photo array and lineup identifications should be suppressed. (10/14/09 Tr.) That motion was denied. Given that there was no physical evidence linking Petitioner to the robbery, counsel made the reasonable tactical decision to argue to the jury that Petitioner was misidentified. This defense theory was buttressed by the fact that Petitioner was not identified until four months after the incident. Defense counsel's decision to refer to the out-of-court identifications and to emphasize the significant gap in time between the robbery and the identifications only supported this defense theory. Thus, it was not deficient to refer to the array to the jury.

Petitioner argues that, after referring to the photo array, counsel should have then admitted the array into evidence and argued to the jury that it was suggestive. However, defense counsel made a reasonable strategic decision not to admit the actual photo array into evidence, as there was a significant risk that the jury would not find it suggestive, just as the trial court did at the suppression hearing, and thus conclude that Petitioner was *not* misidentified.

Finally, it was not error to elicit and fail to object to testimony from a police officer that he prepared a "wanted card" for Petitioner after meeting with a witness and that he subsequently placed Petitioner in a lineup. Petitioner argues that this testimony was admitted in violation of *People v. Trowbridge*, 305 N.Y. 471 (1953), which bars third parties from testifying about a witness's out-of-court identifications in New York courts. However, there was no *Trowbridge*

5

error because the police officer did not testify to the witnesses' identifications of Petitioner. *Fu v. Costello*, No. 03CIV5746(LAK)(GWG), 2004 WL 2053254, at *14 (S.D.N.Y. Sept. 14, 2004) *R&R adopted,* No. 03 CIV. 5746 (LAK), 2004 WL 2847855 (S.D.N.Y. Dec. 10, 2004) ("[T]estimony does not constitute improper bolstering under *Trowbridge* unless it 'include[s] a statement [by the testifying witness] that the [eyewitness] made an out-of-court identification.'") (quoting *People v. Swift*, 213 A.D.2d 355, 356 (N.Y. App. Div. 1st Dep't 1995). In any event, the contested testimony was not admitted for the truth of any out-of-court identifications, but rather, to complete the narrative about the course of the investigation. *Severino v. Phillips*, No. 05 CIV. 475 (DAB), 2008 WL 4067421, at *12-13 (S.D.N.Y. Aug. 25, 2008) (collecting cases and finding that the trial judge properly admitted testimony "for the purpose of providing a narrative of the events leading to petitioner's arrest," because "such testimony does not constitute inadmissible hearsay and, thus, does not violate *Trowbridge* because it is not being offered for the truth of any out-of-court statement."). If anything, defense counsel's tactical decision to emphasize the photo array and lineup to show the jury that Petitioner only became the focus of a police investigation when he was identified months after the robbery supported his misidentification defense.

In any event, even assuming the police officer's testimony was improper under New York's evidentiary laws, Petitioner cannot meet the second prong of the *Strickland* standard – prejudice. Trial counsel's failure to object to a *Trowbridge* error would not violate Petitioner's right to counsel because any error was harmless. Such a violation "rarely constitutes reversible error [under New York law], except where there is a danger that the jury will take the police officer's testimony as a substitute for identification by the eyewitness or if undue prominence is given to the bolstering testimony." *Sanders v. Superintendent, Green Haven Corr. Facility*, No.

10-CV-1025 ENV, 2014 WL 3519127, at *6 (E.D.N.Y. July 15, 2014) (quoting *People v. Middleton*, 159 A.D.2d 350, 351 (N.Y. App. Div. 1st Dep't 1990); *Nieves v. Fischer,* 03 Civ. 9803(DC), 2004 WL 2997860 at *7 (S.D.N.Y. Dec. 28, 2004) ("While the practice of bolstering is prohibited in various states, including New York, it is not sufficiently prejudicial to deprive a defendant of his due process rights to a fair trial.") (internal quotation marks omitted). Here, there was no risk that the jury took the police officer's testimony as a substitute for identification testimony by the eyewitnesses, given that the same eyewitnesses who participated in the pre-trial identification procedures also identified Petitioner at trial. In an attempt to undercut these identifications, defense counsel strategically elicited and did not object to testimony that these witnesses first identified Petitioner in out-of-court identifications that took place months after the incident and that this was the only evidence linking him to the crime. Since any *Trowbridge* error was harmless, trial counsel's failure to object to it did not prejudice the Petitioner. Accordingly, the petitioner cannot satisfy the second prong of *Strickland*.

***Petitioner's Prosecutorial Misconduct Claim is Procedurally Defaulted***

As the Supreme Court has explained, "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). For this reason, the doctrine of procedural default precludes federal review of "the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Id.* Procedurally defaulted claims may not be heard unless the petitioner demonstrates "cause for the default and prejudice from a violation of federal law." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The

procedural bar applies even if the state court addressed the merits of the claim in the alternative. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (finding claims procedurally barred where "Appellate Division explicitly found that these claims were not preserved for appellate review, in addition to finding that they were, in any event, without merit.").

Here, the New York Supreme Court, Appellate Division found that Collado's prosecutorial misconduct claim was procedurally barred because it was unpreserved for appellate review. *People v. Collado*, 90 A.D.3d 672, 673, 933 N.Y.S.2d 738, 740 (2011). It is well-settled that an Appellate Division finding that a petitioner failed to preserve a claim for appellate review operates as a state procedural bar to federal habeas review. *Velasquez*, 898 F.2d at 9. Given that Collado does not suggest any cause for the default or resulting prejudice, it would offend principles of comity and federalism for this Court to grant habeas review of Collado's procedurally barred claims. Accordingly, Collado's petition on the grounds of prosecutorial misconduct is denied.

## CONCLUSION

For the reasons set forth above, the instant petition for a writ of habeas corpus is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112–13 (2d Cir. 2000). The Clerk of the Court is directed to enter judgment denying the petition and closing this case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: July  8 , 2015
   Brooklyn, New York

8